IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PABLO TRINIDAD, | : |
|     Petitioner | : |
|     v. | : Case No. 3:22-cv-70-KAP |
| SHAUN FAULKNER, WARDEN, | : |
|  F.C.I. LORETTO, | : |
|     Respondent | : |

<u>Memorandum Order</u>

    Petitioner, an inmate serving a federal sentence at F.C.I. Loretto, has filed at ECF no. 6 a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241(c)(3), seeking an order directing the Bureau of Prisons to award petitioner earned time credits (ETC) for programming completed as shown in Exhibit 4 to the petition, under the applicable provisions of the First Step Act of 2018, Pub.L.No. 115-391, 132 Stat. 5208 (December 21, 2018). The First Step Act amended 18 U.S.C.§ 3621 to require the Bureau of Prisons to create or expand programs that will reduce the risk of recidivism by persons convicted of federal offenses, and to award inmates who participate in these programs credits that can be applied toward time in prerelease custody or supervised release.

    Petitioner did not exhaust administrative remedies before filing the instant habeas petition: he filed his petition in May 2022, months before filing an appeal to the BOP Office of General Counsel in August 2022, which would be the last level of administrative review. See 28 C.F.R. §§ 542.10-19.

    In general, an inmate who seeks habeas relief from actions by the Bureau of Prisons affecting the execution of a federal sentence, whether a disciplinary sanction, credit for prior custody decision, sentence computation, or length of placement in a residential re-entry center, must exhaust available administrative remedies first, *see* 28 C.F.R.§ 542.10-19, unless the matter involves only a question of law without the need for development of a factual record. See <u>Vasquez v. Strada</u>, 684 F.3d 431, 433-34 (3d Cir.2012), *citing* <u>Bradshaw v. Carlson</u>, 682 F.2d 1050, 1052 (3d Cir.1981). As the Court of Appeals has been saying for four decades, use of the administrative process not only facilitates judicial review by allowing the Bureau of Prisons to develop a factual record and explain its decision, but also conserves judicial resources because in at least some cases the inmate obtains relief in the administrative process. See <u>Barksdale v. Sing Sing</u>, 645 Fed.Appx. 107 (3d Cir. 2016); <u>Moscato v. Federal Bureau of Prisons</u>, 98 F.3d 757 (3d Cir.1996); <u>Arias v. United States Parole Commission</u>, 648 F.2d 196 (3d Cir.1981); <u>Lindsay v. Williamson</u>, 271 Fed.Appx. 158, 160 (3d Cir. 2008) (affirming *sua sponte* dismissal of 28 U.S.C. § 2241 petition for failure to exhaust administrative remedies).

There is no good reason for dispensing with the requirement of administrative exhaustion. Petitioner's release date, absent the award of ETC, is approximately two years off. That the Bureau of Prisons acknowledges that petitioner is eligible to receive ETC does not mean it will accept petitioner's argument that he should receive 24 months credit for every activity petitioner submits in Exhibit 4 to the Petition. Courts have the power in a habeas action to review Bureau of Prisons' decisions, but having courts make those decisions in the first instance wastes time and resources. The petition is dismissed without prejudice.

DATE: December 7, 2022

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Pablo Trinidad, Reg No. 55495-056
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630